IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANDON X.K. WARE,

    Plaintiff,

    v.

AUS, INC. (t/a "Fat Daddy's"), et al.,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Civil Action No. RDB-16-3909

## MEMORANDUM OPINION

Plaintiff Brandon Ware ("Plaintiff"), on behalf of himself and those similarly situated, has filed a Complaint against defendants AUS, Inc. ("AUS"), AUS2, Inc. ("AUS2"),[1] 216 of OC, LLC ("216"), 8201 LLC ("8201"), Edward B. Braude ("Mr. Braude"), and Lisa A. Braude ("Mrs. Braude"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl., § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., § 3-501, *et seq.* ("MWPCL"). (ECF No. 1.)

Currently pending before this Court is Plaintiff's Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("Plaintiff's Motion") (ECF No. 10). The parties' submissions have been reviewed, and no hearing is

---

[1] Defendant AUS owns and operates a restaurant/carry-out service called "Fat Daddy's" located at 216 South Baltimore Avenue in Ocean City, Maryland ("Baltimore Ave. location"). (ECF No. 19 at 4.) Defendant Edward Braude is the owner of AUS. (*Id.*) Defendant AUS2 owns and operates a restaurant/carry-out service called "Fat Daddy's" located at 8201 Coastal Highway in Ocean City, Maryland ("82nd Street location"). (*Id.*) Defendant Lisa Braude is the owner of AUS2. (*Id.*)

1

necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Plaintiffs' Motion for Conditional Certification (ECF No. 10) is GRANTED. Notice to potential class members shall be given as set forth below.

## BACKGROUND

Defendants Edward B. Braude and Lisa A. Braude, a married couple, are officers and owners of defendants AUS, Inc.; AUS2, Inc.; 216 of OC, LLC; and 8201, LLC.[2] (ECF No. 1 at ¶ 8.) Defendant AUS owns and operates a restaurant/carry-out service trading under the name "Fat Daddy's" located at 216 South Baltimore Avenue in Ocean City, Maryland ("Baltimore Ave. location"). (ECF No. 19 at 4.) Defendant Edward Braude is the owner of AUS. (*Id.*) Defendant AUS2 owns and operates a restaurant/carry-out service also trading under the name "Fat Daddy's" located at 8201 Coastal Highway in Ocean City, Maryland ("82nd Street location"). (*Id.*) Defendant Lisa Braude is the owner of AUS2. (*Id.*) Plaintiff Ware worked as an hourly employee at Fat Daddy's 82nd Street location from June 2016 until October 2016. (ECF No. 23-5 at ¶ 2; ECF No. 1 at ¶ 11.)

Plaintiff alleges that defendants "implemented and enforced a policy and practice of not paying overtime compensation to Plaintiff, and similarly situated hourly employees who were regularly required to work more than forty (40) hours per week. (ECF No. 1 at ¶ 12.) Specifically, Plaintiff alleges that Edward Braude told Plaintiff at his employment interview that "Fat Daddy's did not pay overtime" and that Defendants required employees to work a set number of weekly hours in excess of forty hours per week, "but never paid Plaintiff, and

---

[2] Plaintiff alleges that defendants Edward Braude and Lisa Braude are officers and owners of 216 of OC, LLC and 8201 LLC. (ECF No. 1 ¶ 8.) It appears that 216 of OC, LLC and 8201, LLC control the real estate where defendants AUS and AUS2 do business. (*Id.* at ¶ 9.)

2

others similarly situated, any type of overtime compensation." (ECF No. 1 at ¶¶ 11–12.) Thus, Plaintiff asserts, this Court should conditionally certify a collective action consisting of those current and former Fat Daddy's employees who were subjected to similar compensation practices. *See* ECF No. 1 at 7.

Defendants argue that plaintiff fails to establish that he and the potential class members are similarly situated because plaintiff only worked at the 82nd Street location of Fat Daddy's for four months, and because he fails to allege sufficient facts to show that other workers were subjected to similar wage practices. (ECF No. 19 at 7.) Thus, Defendants assert that if conditional certification is granted, it should be limited to only those employees who worked at Fat Daddy's 82nd Street location from June 26, 2016 through October 2, 2016. (*Id.* at 9.)

## STANDARD OF REVIEW

Under the FLSA, a plaintiff may bring an action on behalf of himself and other employees so long as the other employees are "similarly situated" to the plaintiff. 29 U.S.C. § 216(b); *see also Quinteros v. Sparkle Cleaning, Inc.,* 532 F. Supp. 2d 762, 771 (D. Md. 2008). As this Court has previously noted, Section 216 "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros,* 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000)). Section 216(b) provides, in relevant part, that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

3

29 U.S.C. § 216(b).

Furthermore, this Court has employed a two-step inquiry when deciding whether to certify a collective action under the FLSA. *Syrja v. Westat, Inc.,* 756 F. Supp. 2d 682, 686 (D. Md. 2010); *Banks v. Wet Dog Inc.*, No. CIV.A. RDB-13-2294, 2015 WL 433631, at *1 (D. Md. Feb. 2, 2015). First, upon a minimal evidentiary showing that a plaintiff can meet the substantive requirements of 29 U.S.C. § 216(b), the plaintiff may proceed with a collective action on a provisional basis. Second, following discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is "similarly situated" in accordance with the requirements of § 216. *Rawls v. Augustine Home Health Care, Inc.,* 244 F.R.D. 298, 300 (D. Md. 2007) (internal citations omitted). The Court then renders a final decision regarding the propriety of proceeding as a collective action. *Id.* The second, more "stringent" phase of collective action certification under the FLSA is often prompted by a defendant's filing of a motion to decertify, and thus is referred to as the "decertification stage." *Syrja*, 756 F. Supp. 2d at 686.

Whether to grant conditional certification is a matter of the court's discretion. *Syrja,* 756 F. Supp. 2d at 686 (stating that "[d]eterminations of the appropriateness of conditional collective action certification . . . are left to the court's discretion[]"); *see also Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). As the Court has explained, the "paramount issue in determining the appropriateness of a conditional class certification is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Williams v. Long,* 585 F. Supp. 2d 679, 684 (D. Md. 2008).

4

Plaintiffs bear the burden of showing that their claims are "similarly situated," but courts have ruled that "similarly situated" need not mean "identical." *See, e.g.*, *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). This Court has held that a group of FLSA plaintiffs is similarly situated if they can show they were victims of a common policy, scheme, or plan that violated the law. *Mancía v. Mayflower Textile Servs. Co.*, CIV.A. No. CCB–08–273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008).

Plaintiffs' allegations thus "must consist of more than 'vague allegations' with 'meager factual support,' but [they] need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists." *Id.* at *2 (quoting *D'Anna v. M/A–COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995). Moreover, "[w]hen sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, . . . a court can . . . deny certification outright." *Syrja*, 756 F. Supp. 2d at 686 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D.Va. 2009)). Plaintiffs may rely on "affidavits or other means" to make the required showing. *Williams,* 585 F. Supp. 2d at 683; *see also Bouthner v. Cleveland Const., Inc.*, CIV.A. No. RDB-11-0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012); *Ruiz v. Monterey of Lusby, Inc.*, CIV.A. No. DKC 13-3792, 2014 WL 1793786, at *1–2 (D. Md. May 5, 2014).

## ANALYSIS

### I. Plaintiffs are Similarly Situated

Through two sworn affidavits, Plaintiff has made the requisite "modest factual showing" that there exists a similarly situated class of potential plaintiffs who were subject to a common policy, scheme, or plan which may have violated the FLSA. *See Mancía*, 2008 WL

5

4735344 at *3. Plaintiff states that during his employment interview, Edward Braude told him that Fat Daddy's "[doesn't] pay overtime." (ECF No. 10-1 at ¶ 4.) Indeed, Plaintiff's affidavits and paystubs reveal that he was paid on an hourly basis, regularly worked over forty hours a week, and never received overtime compensation. (*Id.* at ¶ 2.) His affidavits further indicate that Ware spoke with "other workers who similarly did not receive overtime wages" and who "expressed concerns about it but worried about retaliation if they complained." (*Id.* at ¶ 5.) Plaintiff mentions two female, foreign workers who requested not to be identified out of fear of retaliation, but who "confirmed to [Plaintiff] that they also were not being paid overtime." (ECF No. 23-5 at ¶ 4.) These facts amply support Ware's allegation that there exists a similarly situated class of potential plaintiffs who may be able to show that they were victims of a common policy, scheme, or plan that violated the law. *See Giegerich v. Watershed, LLC*, CCB-15-1728, 2016 WL 1169948, at *3–4 (D. Md. Mar. 24, 2016) (finding plaintiffs who worked as cooks at defendants' restaurants were similarly situated because they were "subject to a common policy, scheme, or plan"); *Mancía*, 2008 WL 4735344 at *3.

**II.     The Scope of the Proposed Class is Appropriate**

Defendants contend that the proposed class should be limited to only those employees who worked at Fat Daddy's 82nd Street location from June 26, 2016 through October 2, 2016. (ECF No. 19 at 9.) Defendants argue that because Fat Daddy's 82nd Street location is wholly owned and managed by Lisa Braude, and Fat Daddy's Baltimore Ave. location is wholly owned and managed by Edward Braude, that limiting the class is appropriate "because the two restaurants are separately owned, and do not share employees,

books, accounts, records, scheduling or payroll." (*Id.*) However, this fact alone does not preclude this Court from finding a common policy, scheme, or plan carried out by the two restaurants. *See Giegerich*, 2016 WL 1169948, at *4. The FLSA protects employees "of an 'enterprise engaged in commerce'" which includes "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments . . . " *Id.* (quoting 29 U.S.C. §§ 203(r)(1), 206–07). Indeed, this Court previously held in *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 891–92 (D. Md. 2011) that two taverns, owned by separate entities, operated as a single enterprise when the taverns engaged in related activities, operated under common control, and shared a common business purpose.

For purposes of conditional certification, Plaintiff's sworn affidavits sufficiently demonstrate that the two Fat Daddy's restaurants operated as a single enterprise. (ECF Nos. 10-1, 23-1–23-5.) Specifically, Plaintiff states that "there was a substantial amount of interrelated activity between the two Fat Daddy's restaurants." (ECF No. 23-5 at ¶ 1.) Moreover, Plaintiff identifies two other employees who worked at *both* Fat Daddy's locations. (*Id.* at ¶ 2.) In addition, Plaintiff states that if the supplies were low in the 82nd Street location, the restaurant "would borrow supplies from the downtown (Baltimore Avenue) location." (*Id.*) These alleged facts may show that the defendants employed uniform operations for a common business purpose, such that the class to be certified should include all employees of both Fat Daddy's locations.

### III. Equitable Tolling is Not Warranted

Plaintiff requests that this Court toll the FLSA statute of limitations until notice can be sent to potential opt-in Plaintiffs. (ECF No. 10 at 11). Equitable tolling of the statute of limitations is available when "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" or "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is meant to be a "rare remedy available only where the plaintiff has 'exercise[d] due diligence in preserving [his or her] legal rights.'" *Id.* at 145–46 (quoting *Chao v. Va. Dep't. of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002)). In this case, there are no extraordinary circumstances warranting tolling of the statute of limitations. Accordingly, Plaintiff's request to equitably toll the FLSA statute of limitations is denied.

### IV. Definition of the Class

For the reasons stated above, Plaintiff's Motion will be granted and this Court will conditionally certify a collective action consisting of all employees of AUS and AUS2 ("Fat Daddy's") who worked at either location at any time from April 13, 2014 to April 13, 2017.

### V. Notice Form

Pursuant to the FLSA, a Notice of Collective Action "must provide accurate and timely notice to potential plaintiffs so they may make informed decisions about whether to join a collective action." *Arnold v. Acappella, LLC*, BPG-15-3001, 2016 WL 5454541, at *4 (D. Md. Sept. 29, 2016). However, "[t]he district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Id.* (citing *Mcfeeley v. Jackson St.*

*Entm't, LLC*, DKC 12-1019, 2012 WL 5928902, at *5 (D. Md. Nov. 26, 2012). *See generally Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171, 110 S. Ct. 482, 487, 107 L. Ed. 2d 480 (1989).

Because plaintiff has met his preliminary burden to show that there are other similarly situated employees, notice will be provided to current and former employees who worked as servers at *both* "Fat Daddy's" restaurant locations from April 13, 2014 to April 13, 2017.

The court has considered Defendants' request of the modification of proposed notice and the court denies these requests with respect to items one (1) through four (4). In light of the result reached herein, however, Plaintiff's proposed notice must be amended to reflect the dates for eligible class members and the date by which they must opt in to the class.

Accordingly, the parties shall submit a joint proposed notice consistent with this opinion, within seven (7) days of the date of this Memorandum Opinion and Order.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Conditional Certification (ECF No. 10) is GRANTED. The parties are directed to confer and submit a joint proposed notice consistent with the determinations set forth herein.

A separate Order follows.

Dated: April 13, 2017              _____/s/_____
                                    Richard D. Bennett
                                    United States District Judge